■ In the Matter of PHYLLIS TUTORA, Doing Business as ROSEWOOD MANOR HOME FOR ADULTS, Respondent, v. BALDWIN MAULL, as Chairman of State Board of Social Welfare, Appellant.— Judgment, Supreme Court, New York County, entered October 31, 1973, unanimously modified, on the law and the facts and in the exercise of discretion, to strike therefrom the direction to respondent Chairman of the Board of Social Welfare to approve petitioner's application for expanded operation of petitioner's proprietary home, to direct respondent to process and act upon petitioner's application therefor within 30 days of the order to be entered hereon, to reinstate respondent's counterclaim, and to remand to Supreme Court, New York County, for further proceedings, without costs and without disbursements. Standards for operation of the type of home operated by petitioner are found in section 758 of the Executive Law. While the court is without authority to circumvent the statutory provisions by directing issuance of an appropriate permit without the proceedings set forth therein, respondent may not sit on his hands but must proceed to process petitioner's application in due time. (*Matter of Rochester Gas and Elec. Corp. v. Maltbie*, 272 App. Div. 162.) The counterclaim, reciting improprieties allegedly committed by petitioner must be restored for proper adjudication by the court in further proceedings, and remand therefor is directed. Settle order on notice. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Lane, JJ.